108 F.3d 1382
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
SOUTHERN PACIFIC TRANSPORTATION COMPANY; St. Louis
Southwestern Railway Company, Plaintiffs-Appellants,
v.
ASPLUNDH BRUSH CONTROL COMPANY, ASPLUNDH RAILROAD DIVISION,
Defendant-Appellee.
 No. 96-2341.
 United States Court of Appeals, Eighth Circuit.
 Submitted Feb. 14, 1997.
Filed March 11, 1997.
 
 1
 Before BOWMAN and WOLLMAN, Circuit Judges, and KOPF,[1] District Judge.
 
 
 2
 KOPF, District Judge.
 
 
 3
 The Southern Pacific Transportation Company and St. Louis Southwestern Railway Company (Railroad) entered into an agreement with Asplundh Brush Control Company (Asplundh) in which Asplundh agreed to spray for weeds along the Railroad's right of way. The agreement contained various indemnity provisions. A general indemnity provision concerning a variety of topics, including personal injury liability, exempted Asplundh from the indemnity obligation if the Railroad was negligent. In another provision relating to chemical use, Asplundh agreed to indemnify the Railroad for liabilities "arising out of use of the chemicals to be applied hereunder, including (but without limitation) claims or liability due to drift of the chemicals and harm to trees, crops, shrubs or vegetation of any kind, and livestock, regardless of any negligence of employees of Railroad."
 
 
 4
 Although Asplundh had sprayed the Mounds, Arkansas, crossing, weeds grew high. A serious personal injury accident followed when vision at the crossing was obstructed by the weeds. In a state court suit brought by an injured party, a jury found the Railroad was negligent, but Asplundh was not negligent. The evidence revealed that despite knowing that the chemicals had not controlled the weeds at the Mounds crossing, the Railroad failed to notify Asplundh of the problem, thus failing to give Asplundh an opportunity to respray the area.
 
 
 5
 The Railroad brought this action seeking indemnity from Asplundh, claiming the chemical-use provision of the contract required Asplundh to indemnify the Railroad for personal injury liability even if the Railroad was negligent because such liability arose out of the use of chemicals. With the material facts undisputed, and the parties' agreement that the contract was unambiguous, the district court[2] granted summary judgment for Asplundh. The court held that the "chemical-use" provision of the contract was limited to the harmful effects of chemicals to property.
 
 
 6
 The Railroad appeals, claiming the district court erred when it applied settled Arkansas rules of contract interpretation to the indemnity provisions of the contract. Having reviewed the parties' briefs and submissions, we conclude that no error of law appears. Accordingly, we affirm. See 8th Cir. R. 47B.
 
 
 
 [1]
 The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska, sitting by designation
 
 
 [2]
 The Honorable Henry Woods, Senior United States District Judge for the Eastern District of Arkansas